## FLOWERS v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
May 11, 1929.

No. 8074.

Orban C. Patterson, of Oklahoma City, Okl., for plaintiff in error.

Roy St. Lewis, U. S. Atty., and Herbert K. Hyde, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before STONE, Circuit Judge, and FARIS and SYMES, District Judges.

STONE, Circuit Judge. This is a writ of error from a conviction for unlawful sale of whisky. The information was in two counts, but, as the second count was dismissed during the trial, we are concerned only with the first count.

Two contentions are made here.

I. The first is that the court erred in refusing to permit the accused to withdraw a plea of not guilty and file a demurrer to the information. The information was filed April 29, 1927. The arraignment was June 9, 1927, at which the plea of not guilty was entered. On September 3d, the court made an order assigning this case for trial on October 14th. Upon October 14th, defendant first sought leave to file a demurrer to the information, which was denied. The actual trial began October 18th. The court was entirely justified in its action. It is very clear that one purpose of seeking to file this demurrer at this time was to work a continuance or, at least, a delay in the trial of the case. From the 9th of June until the day set for the trial, no move of this sort had been made, and the government and the court had every right to suppose that the case would be tried at that time upon the plea of not guilty. This situation is accentuated by the circumstance that on September 3d this case was assigned for trial upon October 14th. This contention is not well taken.

II. The second contention is that there was no substantial evidence to sustain the verdict. There is no merit in this contention. The evidence for the government was by a witness who swore positively that he and another, together, purchased two half pints of whisky from the defendant upon the date alleged in the information. The defense was an alibi. This presented a clear-cut issue of fact which was for the final determination by the jury.

The judgment should be, and is, affirmed.